JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Email: joshua.sliker@jacksonlewis.com

*Attorneys for Defendants*
*ARIA Resort & Casino, LLC;*
*MGM Resorts International*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| ERENDIRA DOMINGUEZ, individually, and ALLISON LOPEZ, individually<br><br>Plaintiffs,<br><br>vs.<br><br>ARIA RESORT & CASINO, LLC, a domestic limited liability company; MGM RESORTS INTERNATIONAL; a foreign corporation DOES I-X; and ROE BUSINESS ENTITIES IX, inclusive,<br><br>Defendants. | Case No. 2:24-cv-01665-JAD-DJA<br><br>**DEFENDNANT ARIA RESORT & CASINO, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT** |

Defendant ARIA RESORT & CASINO, LLC ("Defendant" or "ARIA") by and through its counsel, the law firm of Jackson Lewis P.C., hereby answers Plaintiffs' Erendira Dominguez and Allison Lopez ("Plaintiffs") Complaint (ECF No. 1) as follows:

## JURSIDICTION, VENUE, AND LEGAL BASIS FOR THIS ACTION

1.      Responding to Paragraph 1 of Plaintiffs' Complaint, Defendant admits that Plaintiffs are attempting to assert claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and that the Court has original jurisdiction over such federal claims pursuant to 28 U.S.C. § 1331. As to any remaining allegations in Paragraph 1 of Plaintiffs' Complaint, Defendant denies the same.

2.      Responding to Paragraph 2 of Plaintiffs' Complaint, Defendant admits that venue is proper in this Court. As to any remaining allegations in Paragraph 2 of Plaintiffs' Complaint, Defendant denies the same.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.      Responding to Paragraph 3 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

4.      Responding to Paragraph 4 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

5.      Responding to Paragraph 5 of Plaintiffs' Complaint, Defendant admits that Exhibit 1 to Plaintiffs' Complaint (ECF No. 1-2) is a document entitled "Determination and Notice of Rights" addressed to "Mrs. Erendira Dominguez" on letterhead for the U.S. Equal Employment Opportunity Commission, dated July 15, 2024, which states therein that "your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice." As to the remaining allegations in Paragraph 5 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

6.      Responding to Paragraph 6 of Plaintiffs' Complaint, Defendant admits that Exhibit 1 to Plaintiffs' Complaint (ECF No. 1-3) is a document entitled "Determination and Notice of Rights" addressed to "Mrs. Allison R. Lopez" on letterhead for the U.S. Equal Employment Opportunity Commission, dated July 16, 2024, which states therein that "your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice." As to the remaining allegations in Paragraph 6 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

7.      Responding to Paragraph 7 of Plaintiffs' Complaint, Defendant state that it is a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff's lawsuit is filed within 90-days of July 15, 2024, but denies any remaining allegations in Paragraph 7 of Plaintiffs' Complaint. Defendant further denies any wrongdoing or violation of

the law.

**PARTIES AND "JOINT EMPLOYER" RELATIONSHIP BETWEEN DEFENDANT**

8.      Responding to Paragraph 8 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

9.      Responding to Paragraph 9 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

10.     Responding to Paragraph 10 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

11.     Responding to Paragraph 11 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

12.     Responding to Paragraph 12 of Plaintiffs' Complaint, Defendant admits that, accordingly to publicly available records, MGM Resorts International is a corporation formed under the laws of the State of Delaware and registered with the Nevada Secretary of State as a foreign corporation. As to any remaining allegations in Paragraph 12 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

13.     Responding to Paragraph 13 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

14.     Responding to Paragraph 14 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

15.     Responding to Paragraph 15 of Plaintiffs' Complaint, Defendant denies the allegations.

16.     Responding to Paragraph 16 of Plaintiffs' Complaint, Defendant states that it is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16 of Plaintiffs' Complaint. Defendant further denies any wrongdoing or violation of the law.

17.    Responding to Paragraph 17 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

18.    Responding to Paragraph 18 of Plaintiffs' Complaint, Defendant state that it is a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18 of Plaintiffs' Complaint. Defendant further denies any wrongdoing or violation of the law.

19.    Responding to Paragraph 19 of Plaintiffs' Complaint, Defendant state that it is a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it has more than 15 employees and is subject to Title VII of the Civil Rights of 1964 and Nev. Rev. Stat. 613.330 and 613.340. As to any remaining allegations in Paragraph 19 of Plaintiffs' Complaint, Defendant denies the allegations. Defendant further denies any wrongdoing or violation of the law.

## GENERAL ALLEGATIONS

### FACTUAL ALLEGATIONS GENERALLY APPLICABLE TO ALL CLAIMS

20.    Responding to Paragraph 20 of Plaintiffs' Complaint, Defendant admits that Plaintiff Lopez was a full-time employee of Defendant from approximately September 2009 to December 22, 2023. Defendant further admits that Plaintiff Dominguez was a full-time employee of Defendant from approximately November 2009 to December 22, 2023. As to any remaining allegations in Paragraph 20 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

21.    Responding to Paragraph 21 of Plaintiffs' Complaint, Defendant admits that Plaintiff Lopez was employed with Defendant as the Manager of Casino Marketing from on or about January 1, 2020 to December 22, 2023. As to any remaining allegations in Paragraph 21 of Plaintiffs' Complaint, Defendant denies the allegations.

22.    Responding to Paragraph 22 of Plaintiffs' Complaint, Defendant admits that Plaintiff Dominguez was employed as a Coordinator, National Marketing III, from on or about August 17, 2020 to December 21, 2023. As to any remaining allegations in Paragraph 22 of Plaintiffs' Complaint, Defendant denies the allegations.

23.    Responding to Paragraph 23 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

24.    Responding to Paragraph 24 of Plaintiffs' Complaint, Defendant admits that Plaintiff Lopez worked at Bellagio from approximately September 14, 1998 until September 2009. As to any remaining allegations in Paragraph 24 of Plaintiffs' Complaint, Defendant denies the allegations.

25.    Responding to Paragraph 25 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

26.    Responding to Paragraph 26 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

27.    Responding to Paragraph 27 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

28.    Responding to Paragraph 28 of Plaintiffs' Complaint, Defendant denies the allegations contained therein.

29.    Responding to Paragraph 29 of Plaintiffs' Complaint, Defendant admits that Plaintiffs were involved in booking hotel rooms for Las Vegas Golf Adventures ("LVGA"). Defendant further admits that Plaintiff Dominguez claimed she was doing her job at the direction of Plaintiff Lopez. As to any remaining allegations in Paragraph 29 of Plaintiffs' Complaint, Defendant denies the allegations.

30.    Responding to Paragraph 30 of Plaintiffs' Complaint, Defendant, upon information and belief, admits that LVGA or its affiliate had, at various times, a purported contractual relationship with Bellagio Resort & Casino, and/or the Park MGM Las Vegas properties. As to the remaining allegations in Paragraph 30 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

31.    Responding to Paragraph 31 of Plaintiffs' Complaint, Defendant is without

1    sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis

2    denies the allegations.

3        32.    Responding to Paragraph 32 of Plaintiffs' Complaint, Defendant is without

4    sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis

5    denies the allegations.

6        33.    Responding to Paragraph 33 of Plaintiffs' Complaint, Defendant admits that Justin

7    Andrews was promoted to Vice President, National Casino Marketing, for Defendant, on or about

8    March 20, 2023. As to any remaining allegations in Paragraph 33 of Plaintiffs' Complaint,

9    Defendant denies the allegations.

10       34.    Responding to Paragraph 34 of Plaintiffs' Complaint, Defendant admits that Justin

11   Andrews requested an investigation regarding the comping of rooms for LVGA on or about August

12   17, 2023. As to any remaining allegations in Paragraph 34 of Plaintiffs' Complaint, Defendant

13   denies the allegations.

14       35.    Responding to Paragraph 35 of Plaintiffs' Complaint, Defendant admits that Alex

15   Issac provided certain information during the course of the investigation concerning LVGA. As to

16   any remaining allegations in Paragraph 35 of Plaintiffs' Complaint, Defendant denies the

17   allegations.

18       36.    Responding to Paragraph 36 of Plaintiffs' Complaint, Defendant denies the

19   allegations contained therein.

20       37.    Responding to Paragraph 37 of Plaintiffs' Complaint, Defendant denies the

21   allegations contained therein.

22       38.    Responding to Paragraph 38 of Plaintiffs' Complaint, Defendant denies the

23   allegations contained therein.

24       39.    Responding to Paragraph 39 of Plaintiffs' Complaint, Defendant is without

25   sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis

26   denies the allegations.

27       40.    Responding to Paragraph 40 of Plaintiffs' Complaint, Defendant admits that an

28   investigation was conducted into matters involving LVGA. As to any remaining allegations in

Paragraph 40 of Plaintiffs' Complaint, Defendant denies the allegations.

41.    Responding to Paragraph 41 of Plaintiffs' Complaint, Defendant admits that Plaintiffs were placed on suspension pending investigation. As to any remaining allegations in Paragraph 41 of Plaintiffs' Complaint, Defendant denies the allegations.

42.    Responding to Paragraph 42 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

43.    Responding to Paragraph 43 of Plaintiffs' Complaint, Defendant admits the allegations contained therein.

44.    Responding to Paragraph 44 of Plaintiffs' Complaint, Defendant admits that Plaintiff Dominguez was not paid during her suspension, and that the suspension lasted from August 30, 2023 until her termination, effective December 21, 2023.

45.    Responding to Paragraph 45 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations as to what Plaintiffs learned and on that basis denies the allegations. As to any remaining allegations in Paragraph 45 of Plaintiffs' Complaint, Defendant denies the allegations.

46.    Responding to Paragraph 46 of Plaintiffs' Complaint, Defendant admits that Lia Puia sent an email to Plaintiff Lopez on September 6, 2023 which stated in part: "We understand that it has been a week since you were placed on SPI, however the investigation is still in progress and we will schedule a time to meet once we are ready." Defendant further admits that Lia Puia sent an email to Plaintiff Dominguez on September 6, 2023 which stated in part: "We understand that it has been a week since you were placed on SPI, however the investigation is still in progress and we will schedule a time to meet once we are ready." As to any remaining allegations in Paragraph 46 of Plaintiffs' Complaint, Defendant denies the allegations.

47.    Responding to Paragraph 47 of Plaintiffs' Complaint, Defendant denies the allegations.

48.    Responding to Paragraph 48 of Plaintiffs' Complaint, Defendant admits that Doug Seidenberg contacted Plaintiff Lopez in or about November 2023 and asked if she would meet with

him at a Starbucks to discuss her suspension. As to any remaining allegations in Paragraph 48 of Plaintiffs' Complaint, Defendant denies the allegations.

49.     Responding to Paragraph 49 of Plaintiffs' Complaint, Defendant admits that Plaintiff Lopez agreed to meet with Mr. Seidenberg. As to any remaining allegations in Paragraph 49 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

50.     Responding to Paragraph 50 of Plaintiffs' Complaint, Defendant admits that Plaintiff Lopez met with Mr. Seidenberg at a Starbucks. As to any remaining allegations in Paragraph 50 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

51.     Responding to Paragraph 51 of Plaintiffs' Complaint, Defendant admits that Plaintiff Lopez met with Mr. Seidenberg at a Starbucks. Defendant denies that Mr. Seidenberg was acting on behalf of Defendant. As to any remaining allegations in Paragraph 51 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

52.     Responding to Paragraph 52 of Plaintiffs' Complaint, Defendant admits that Plaintiff Lopez sent an email to Jyoti Chopra, Ashley Eddy, Lia Puia, and Sherri Sosa on December 6, 2023, alleging that Mr. Seidenberg stated "unfortunately [Plaintiff Lopez] will not be coming back to work" and "that it is unfortunate that the two people that are probably losing their jobs had nothing to do with it[.]" As to any remaining allegations in Paragraph 52 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

53.     Responding to Paragraph 53 of Plaintiffs' Complaint, Defendant admits that Plaintiff Lopez sent an email to Jyoti Chopra, Ashley Eddy, Lia Puia, and Sherri Sosa on December 6, 2023, alleging that Mr. Seidenberg mentioned "how frustrating it is for him and the investigators that there is two Senior Leaders in the company that he is pretty sure are doing the wrong thing and they have no proof[.]" As to any remaining allegations in Paragraph 53 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations

1    and on that basis denies the allegations.

2        54.    Responding to Paragraph 54 of Plaintiffs' Complaint, Defendant is without

3    sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis

4    denies the allegations.

5        55.    Responding to Paragraph 55 of Plaintiffs' Complaint, Defendant admits that

6    Plaintiff Lopez sent an email to Jyoti Chopra, Ashley Eddy, Lia Puia, and Sherri Sosa on December

7    6, 2023, stating that she has "worked in the company for 25 years and have placed several

8    employees on suspension pending investigation and worked with many people that have worked in

9    various roles and not a single person including myself has ever heard of a suspension pending

10    investigation taking this long." As to any remaining allegations in Paragraph 55 of Plaintiffs'

11    Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of

12    the allegations and on that basis denies the allegations.

13        56.    Responding to Paragraph 56 of Plaintiffs' Complaint, Defendant admits that

14    Plaintiff Lopez was not offered a severance package. As to the remaining allegations in Paragraph

15    56 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the

16    truth or falsity of the allegations and on that basis denies the allegations.

17        57.    Responding to Paragraph 57 of Plaintiffs' Complaint, Defendant admits that

18    Plaintiff Lopez sent an email to Jyoti Chopra, Ashley Eddy, Lia Puia, and Sherri Sosa on December

19    6, 2023, in which Plaintiff Lopez provided information about her alleged meeting with Mr.

20    Seidenberg, and stated "[d]ue to the neglect of this case, I feel that both Endy and I are being

21    discriminated against as not only women, but Hispanics as well. The Casino Marketing Executives

22    that I am calling out are all white males in positions of power." As to the remaining allegations in

23    Paragraph 57 of Plaintiffs' Complaint, Defendant denies the allegations.

24        58.    Responding to Paragraph 58 of Plaintiffs' Complaint, Defendant admits that

25    Plaintiff Lopez sent an email to Jyoti Chopra, Ashley Eddy, Lia Puia, and Sherri Sosa on December

26    6, 2023, stating "[a]s someone who has been working in the casino industry this long, I not only

27    feel extremely disrespected during this process, but my reputation has taken a serious hit due to the

28    ugly, horrendous, and false rumors that are spreading throughout the Casino industry, . . . , I just

don't understand how and why I am in this situation." As to any remaining allegations in Paragraph 58 of Plaintiffs' Complaint, Defendant denies the allegations.

59.     Responding to Paragraph 59 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

60.     Responding to Paragraph 60 of Plaintiffs' Complaint, Defendant admits that, to its knowledge, Plaintiffs have not been arrested, charged, or convicted of any crimes in connection with the LVGA matters. As to the remaining allegations in Paragraph 60 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

61.     Responding to Paragraph 61 of Plaintiffs' Complaint, Defendant admits that Plaintiff Dominguez sent an email to Ashley Robertson with a CC to Lia Puia on December 6, 2023 stating that she had not "heard anything in 3 months now" and that "[d]ue to the neglect of this case, I feel that both Allison and I are being discriminated against as not only women, but Hispanics as well. The Casino Marketing Executives that I am calling out are all white males in positions of power." Defendant further admits that Ashley Robertson was employed as the Vice President of Human Resources at Aria, and that Lia Puia was employed as an Employee Relations Ops Partner. As to any remaining allegations in Paragraph 61 of Plaintiffs' Complaint, Defendant denies the allegations.

62.     Responding to Paragraph 62 of Plaintiffs' Complaint, Defendant admits that Plaintiffs' claims of workplace discrimination were investigated which included meetings with Plaintiff Lopez and Plaintiff Dominguez on December 11, 2023. As to any remaining allegations in Paragraph 62 of Plaintiffs' Complaint, Defendant denies the allegations.

**DEFENDANTS' MEETING WITH PLAINTIFF LOPEZ**

63.     Responding to Paragraph 63 of Plaintiffs' Complaint, Defendant admits that Diana Castrillon, then-Executive Director Employee Relations Operations, and Gabriela Rosado-Varsic, Employee Relations Director, conducted an investigatory meeting with Plaintiff Lopez on December 11, 2023 via Microsoft Teams. Defendant denies that it employed Ms. Castrillon or Ms.

Rosado-Varsic. As to any remaining allegations in Paragraph 63 of Plaintiffs' Complaint, Defendant denies the allegations.

64.     Responding to Paragraph 64 of Plaintiffs' Complaint, Defendant admits that Plaintiff's Lopez's meeting with Ms. Castrillon and Ms. Rosado-Varsic on December 11, 2023 was conducted by Microsoft Teams video conference. As to the remaining allegations in Paragraph 64 of Plaintiffs' Complaint, Defendant denies the allegations.

65.     Responding to Paragraph 65 of Plaintiffs' Complaint, Defendant admits that Plaintiff Lopez was told she did not have permission to record the meeting. As to the remaining allegations in Paragraph 65 of Plaintiffs' Complaint, Defendant denies the allegations.

66.     Responding to Paragraph 66 of Plaintiffs' Complaint, Defendant denies the allegations.

67.     Responding to Paragraph 67 of Plaintiffs' Complaint, Defendant denies the allegations.

68.     Responding to Paragraph 68 of Plaintiffs' Complaint, Defendant denies the allegations.

69.     Responding to Paragraph 69 of Plaintiffs' Complaint, Defendant admits that Plaintiff Lopez was asked during the December 11, 2023 meeting about real property that she owned. As to the remaining allegations, Defendant denies the allegations.

70.     Responding to Paragraph 70 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

71.     Responding to Paragraph 71 of Plaintiffs' Complaint, Defendant admits that during the meeting on December 11, 2023, Plaintiff Lopez stated something to the effect of "you think LVGA paid for?" As to the remaining allegations in Paragraph 71 of Plaintiffs' Complaint, Defendant denies the allegations.

72.     Responding to Paragraph 72 of Plaintiffs' Complaint, Defendant admits that Plaintiff Lopez provided information about the dates of certain real estate transactions and profits she made from those transactions. Defendant further admits that Plaintiff Lopez alleged that her

husband had five jobs and owned property in Mexico, and that that was how she could afford to own two properties. As to the remaining allegations in Paragraph 72 of Plaintiffs' Complaint, Defendant denies the allegations.

73.    Responding to Paragraph 73 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations as to Plaintiff Lopez's perception of the December 11, 2023 meeting or the feelings and/or emotions she experienced, and on that basis denies the allegations. As to the remaining allegations in Paragraph 73 of Plaintiffs' Complaint, Defendant denies the allegations.

74.    Responding to Paragraph 74 of Plaintiffs' Complaint, Defendant denies the allegations.

75.    Responding to Paragraph 75 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations as to Plaintiff Lopez's perception of the December 11, 2023 meeting or the feelings and/or emotions she experienced, and on that basis denies the allegations. As to the remaining allegations in Paragraph 75 of Plaintiffs' Complaint, Defendant denies the allegations.

**DEFENDANT' MEETING WITH PLAINTIFF DOMINGUEZ**

76.    Responding to Paragraph 76 of Plaintiffs' Complaint, Defendant admits that Plaintiff Dominguez's suspension pending investigation was unpaid. As to the remaining allegations in Paragraph 76 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

77.    Responding to Paragraph 77 of Plaintiffs' Complaint, Defendant admits the allegations.

78.    Responding to Paragraph 78 of Plaintiffs' Complaint, Defendant admits that Diana Castrillon, then-Executive Director Employee Relations Operations, and Gabriela Rosado-Varsic, Employee Relations Director, conducted an investigatory meeting with Plaintiff Dominguez on December 11, 2023 via Microsoft Teams. Defendant denies that it employed Ms. Castrillon or Ms. Rosado-Varsic. As to the remaining allegations in Paragraph 78 of Plaintiffs' Complaint, Defendant denies the allegations.

79.    Responding to Paragraph 79 of Plaintiffs' Complaint, Defendant denies the allegations.

80.    Responding to Paragraph 80 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations as to Plaintiffs' perception of their respective meetings on December 11, 2023 or the feelings and/or emotions they experienced, and on that basis denies the allegations. As to the remaining allegations in Paragraph 80 of Plaintiffs' Complaint, Defendant denies the allegations.

**DEFENDANT'S WRONGFULLY TERMINATE PLAINTIFFS'S' EMPLOYMENT**

81.    Responding to Paragraph 81 of Plaintiffs' Complaint, Defendant admits that Ms. Rosado-Varsic called Plaintiff Dominguez on December 21, 2023 and offered her the option to resign in lieu of separation, and that Plaintiff Dominguez declined the option to resign on December 22, 2023. Defendant denies that it employed Ms. Rosado-Varsic. As to the remaining allegations in Paragraph 81 of Plaintiffs' Complaint, Defendant denies the allegations.

82.    Responding to Paragraph 82 of Plaintiffs' Complaint, Defendant admits the allegations.

83.    Responding to Paragraph 83 of Plaintiffs' Complaint, Defendant admits that Plaintiff Dominguez declined the option to resign in lieu of termination of employment. As to the remaining allegations in Paragraph 83 of Plaintiffs' Complaint, Defendant denies the allegations.

84.    Responding to Paragraph 84 of Plaintiffs' Complaint, Defendant admits that Ms. Rosado-Varsic sent an email to Plaintiff Dominguez on December 22, 2023 that attached a letter and Separation PAN. Defendant denies that it employed Ms. Rosado-Varsic. Defendant further admits that the Separation PAN indicated that Plaintiff Dominguez was being separated from employment for multiple violations of Defendant's General Rules of Conduct including, but not limited to:

- 13 - Misconduct, carelessness, negligence in the performance of one's job, or any serious conduct detrimental to the orderly and ethical operation of the business.

- 14 -Job performance that does not meet Company standards in the reasonable judgment of the Company.

- 19 - Soliciting, procuring, or engaging in any unlawful acts on any Company premises.
- 25 - Any conduct which results in theft (e.g., monies, retail merchandise, Company property), or conduct which results in loss of Company assets and/or revenue resulting from failure to collect payment for any paid services without written management permission.
- 30 - Dishonesty. Employees will be forthcoming and honest in all written and verbal communication connected to Company records, work communications, or which relate in any way to Company investigations regarding violations of Company policies.
- Employees will not knowingly make false statements or omit pertinent information in connection with Company records, work communications, or which relate in any way to Company investigations regarding violations of Company policies.
- 38 - Engaging in any unethical behavior for personal gain.
- 40 - Violation of on-the-job rules, including the rules, regulations, and procedures of each department
- 43 - Disregard or violation of Company or departmental rules, procedures, or policies.

Defendant further admits that the Separation PAN stated "Erendira Dominguez personally benefited from the LVGA account by receiving multiple gifts; this is a direct violation of the Company's Conduct Standards." As to any remaining allegations in Paragraph 84 of Plaintiffs' Complaint, Defendant denies the allegations.

85.    Responding to Paragraph 86 of Plaintiffs' Complaint, Defendant denies the allegations.

86.    Responding to Paragraph 86 of Plaintiffs' Complaint, Defendant admits that Ms. Rosado-Varsic sent an email to Plaintiff Lopez on December 22, 2023 that attached a letter and Separation PAN. Defendant further admits that the Separation PAN indicated that Plaintiff Lopez was being separated from employment for multiple violations of Defendant's General Rules of Conduct including, but not limited to:

> Multiple violations of the company's Code of Conduct standards including but not limited to disregarding the executive directive to stop comp rooms for the LVGA account, which resulted in untraceable trade funds. Additionally, Lopez engaged in unethical behavior for personal gain.

As to any remaining allegations in Paragraph 86 of Plaintiffs' Complaint, Defendant denies the

allegations.

87.     Responding to Paragraph 87 of Plaintiffs' Complaint, Defendant admits that Plaintiff Lopez's direct supervisor was Daniel Paolella. Defendant further admits that Plaintiff Dominguez's direct supervisor was Plaintiff Lopez. Defendant further admits that Mr. Paolella received various reports at various times regarding comps over certain financial thresholds. As to the remaining allegations in Paragraph 87 of Plaintiffs' Complaint, Defendant denies the allegations.

88.     Responding to Paragraph 88 of Plaintiffs' Complaint, Defendant admits that Nick Monti was the Vice President of Casino Marketing for Defendant from May 2020 to February 2023, and had involvement with the LVGA account. Defendant further admits upon information and belief, that Mr. Monti currently works for MGM Northfield Park in Northfield, Ohio. As to the remaining allegations in Paragraph 88 of Plaintiffs' Complaint, Defendant denies the allegations.

89.     Responding to Paragraph 89 of Plaintiffs' Complaint, Defendant admits that Taylor Gwiazdon was the Vice President of National Marketing at The Cosmopolitan of Las Vegas from August 2022 to January 2024. Defendant further admits that Mr. Gwiazdon participated in the investigation of the LVGA matter. As to the remaining allegations in Paragraph 89 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

90.     Responding to Paragraph 90 of Plaintiffs' Complaint, Defendant denies that Plaintiffs have been mistreated or subjected to discrimination. As to the remaining allegations in Paragraph 90 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

91.     Responding to Paragraph 91 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

92.     Responding to Paragraph 92 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

93.    Responding to Paragraph 93 of Plaintiffs' Complaint, Defendant denies that Plaintiffs were "railroaded." As to the remaining allegations in Paragraph 93 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

94.    Responding to Paragraph 94 of Plaintiffs' Complaint, Defendant denies that Plaintiffs have been "blacklisted" from the casino industry. As to the remaining allegations in Paragraph 94 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

## FIRST CLAIM FOR RELIEF

**Violation of Title VII – 42 U.S.C § 2000e-c(a)(1) – Disparate Treatment (National Origin/Race and Sex Discrimination)**

95.    Responding to Paragraph 95 of Plaintiffs' Complaint, Defendant repeats and re-alleges each and every response made in paragraphs above, as though set forth fully herein.

96.    Responding to Paragraph 96 of Plaintiffs' Complaint, Defendant is without sufficient knowledge to form a belief as to the truth or falsity of the allegations and on that basis denies the allegations.

97.    Responding to Paragraph 97 of Plaintiffs' Complaint, Defendant denies the allegations.

98.    Responding to Paragraph 98 of Plaintiffs' Complaint, Defendant denies the allegations.

99.    Responding to Paragraph 99 of Plaintiffs' Complaint, Defendant denies the allegations.

100.    Responding to Paragraph 100 of Plaintiffs' Complaint, Defendant denies the allegations.

101.    Responding to Paragraph 101 of Plaintiffs' Complaint, Defendant denies the allegations.

102.    Responding to Paragraph 102 of Plaintiffs' Complaint, Defendant denies the allegations.

103.    Responding to Paragraph 103 of Plaintiffs' Complaint, Defendant denies the allegations.

## SECOND CLAIM FOR RELIEF

**Violation of NRS 613.330 – Unlawful Deprivation of Employment (National Origin/Race and Sex Discrimination)**

104.    Responding to Paragraph 104 of Plaintiffs' Complaint, Defendant repeats and re-alleges each and every response made in paragraphs above, as though set forth fully herein.

105.    Responding to Paragraph 105 of Plaintiffs' Complaint, Defendant denies the allegations.

106.    Responding to Paragraph 106 of Plaintiffs' Complaint, Defendant denies the allegations.

107.    Responding to Paragraph 107 of Plaintiffs' Complaint, Defendant denies the allegations.

108.    Responding to Paragraph 108 of Plaintiffs' Complaint, Defendant denies the allegations.

## THIRD CLAIM FOR RELIEF

**Violation of Title VII – 42 U.S.C § 2000e-3(a) – Retaliation**

109.    Responding to Paragraph 109 of Plaintiffs' Complaint, Defendant repeats and re-alleges each and every response made in paragraphs above, as though set forth fully herein.

110.    Responding to Paragraph 110 of Plaintiffs' Complaint, Defendant denies the allegations.

111.    Responding to Paragraph 111 of Plaintiffs' Complaint, Defendant denies the allegations.

112.    Responding to Paragraph 112 of Plaintiffs' Complaint, Defendant denies the allegations.

113.    Responding to Paragraph 113 of Plaintiffs' Complaint, Defendant denies the allegations.

114.    Responding to Paragraph 114 of Plaintiffs' Complaint, Defendant denies the

allegations.

115. Responding to Paragraph 115 of Plaintiffs' Complaint, Defendant denies the allegations.

116. Responding to Paragraph 116 of Plaintiffs' Complaint, Defendant denies the allegations.

### FOURTH CLAIM FOR RELIEF

#### Violation of NRS 613.340 – Retaliation

117. Responding to Paragraph 117 of Plaintiffs' Complaint, Defendant repeats and re-alleges each and every response made in paragraphs above, as though set forth fully herein.

118. Responding to Paragraph 118 of Plaintiffs' Complaint, Defendant denies the allegations.

119. Responding to Paragraph 119 of Plaintiffs' Complaint, Defendant denies the allegations.

120. Responding to Paragraph 120 of Plaintiffs' Complaint, Defendant denies the allegations.

121. Responding to Paragraph 121 of Plaintiffs' Complaint, Defendant denies the allegations.

122. Responding to Paragraph 122 of Plaintiffs' Complaint, Defendant denies the allegations.

123. Responding to Paragraph 123 of Plaintiffs' Complaint, Defendant denies the allegations.

124. Responding to Paragraph 124 of Plaintiffs' Complaint, Defendant denies the allegations.

### DEMAND FOR JURY TRIAL

125. Responding to Paragraph 125 of Plaintiffs' Complaint, Defendant admits that Plaintiffs have "invoked their right to trial by jury in this civil action" "[p]ursuant to the Seven Amendment of the United States Constitution.

**GENERAL DENIAL**

To the extent not specifically admitted herein, the allegations of the Complaint are hereby denied.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendant, Defendant assert the following defenses:

1.      The Complaint fails to state a claim upon which upon which monetary, equitable, declaratory, and/or injunctive relief may be granted.

2.      Upon information and belief, and consistent with Defendant's obligations under FRCP 12, Plaintiffs' claims are barred, in whole or in part, by the applicable statute(s) of limitations.

3.      To the extent applicable, Plaintiffs' claims are barred for failing to timely exhaust applicable administrative, statutory, or contractual remedies. To the extent Plaintiffs' claim discrimination, harassment, hostile work environment, or retaliation which occurred more than 180 days before they filed their respective charges of discrimination with the Nevada Equal Rights Commission or 300 days before they filed their respective charges of discrimination with the U.S. Equal Employment Opportunity Commission, such claims are time-barred. To the extent Plaintiffs purport to assert claims of discrimination, harassment, hostile work environment, or retaliation not included in their respective charges of discrimination filed with the Nevada Equal Rights Commission and U.S. Equal Employment Opportunity Commission, Plaintiffs have failed to exhaust their respective administrative remedies.

4.      To the extent applicable, Plaintiffs' claims are barred by the doctrines of waiver, laches, estoppel, and unclean hands.

5.      To the extent applicable, upon information and belief, after-acquired evidence bars and/or limits the amount of damages Plaintiffs can recover on the Complaint against Defendant, if any.

6.      Plaintiffs' damages are diminished in whole or in part by virtue of their failure to mitigate damages.

7.      Plaintiffs' claims are barred in that Defendant's actions were a just and proper exercise of management discretion, undertaken for a fair and honest reason regulated by good faith under the circumstances then existing.

8.      If the actions of its former or current employees are found to be wrongful in any way, then those actions cannot be attributed to Defendant under theories of respondeat superior or vicarious liability.

9.      Any and all actions taken by Defendant with regard to Plaintiffs' employment, or the terms or conditions thereof, were based upon legitimate, non-discriminatory, non-retaliatory business reasons and would have been taken regardless of Plaintiffs' sex, race, national origin or any other protected category.

10.     To the extent applicable, Plaintiffs' Complaint is barred, in whole or in part, because (a) Defendant maintained, distributed, and enforced anti-harassment, anti-discrimination and anti-retaliation policies and Plaintiffs' received such policies, (b) Defendant exercised reasonable care to prevent and correct harassment pursuant to *Ellerth/Faragher*, and (c) Plaintiffs' unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

11.     In the event that it is concluded that a prohibited factor motivated any act alleged to have been taken by Defendant against Plaintiffs, the same acts would have been undertaken even absent said alleged improper or discriminatory motive and, as such, Plaintiffs are not entitled to any relief.

12.      Plaintiffs' claims are barred to the extent they seek injunctive, declaratory, and or other equitable relief, because Plaintiffs have an adequate remedy at law and have suffered no irreparable harm due to any alleged conduct of Defendant, and an injunction will not serve the public interest; rather, Plaintiffs seek an injunction solely for their own benefit.

13.     If Plaintiffs are adjudged to be entitled to any recovery, then Defendant is entitled to a set-off for any compensation, including without limitation to, unemployment compensation, wages, salaries, and/or social security payments, Plaintiffs received.

14.     Any alleged damage suffered by Plaintiffs was in no way caused by, or the result of,

any fault, act or omission by Defendant, but was caused by circumstances, persons, and/or entities for which and/or by whom Defendant is not and may not be held responsible, including Plaintiffs, and for which Defendant cannot be held liable. The damages sustained by Plaintiffs, if any, were caused by Plaintiffs' own acts and/or omissions and not those of Defendant.

15.    Plaintiffs have failed to set forth facts sufficient to support a claim for punitive damages or attorneys' fees.

16.    Punitive damages against Defendant's are not permissible because Plaintiffs cannot establish that Defendant is guilty of oppression, fraud, or malice, express or implied. Punitive damages against Defendant is not permissible because Plaintiffs cannot establish any negligence on the part of Defendant's that qualifies as intentional conduct.

17.    Pursuant to Federal Rule of Civil Procedure 11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Plaintiffs' Complaint, and therefore, Defendant reserves the right to amend this Answer to Plaintiffs' Complaint to allege additional affirmative defenses if subsequent investigation so warrants.

WHEREFORE, Defendant's prays as follows:

1.  That Plaintiffs' take nothing by way of their Complaint;

2.  That Plaintiffs' Complaint be dismissed with prejudice in its entirety and judgment entered in favor of Defendant;

3.  That Defendant be awarded attorneys' fees and costs;

4.  For declaratory relief; and,

5.  For such other and further relief as the Court deems proper and just.

Dated this 20th day of November, 2024.

/ / /
/ / /
/ / /
/ / /

21

1

## **DEMAND FOR JURY TRIAL**

2    Defendant hereby demands a jury trial on all claims, defenses, and issues so triable.

3    Dated this 20th day of November, 2024.

4                                                      JACKSON LEWIS P.C.

5
                                                       */s/ Joshua A. Sliker, Esq.*
6                                                      JOSHUA A. SLIKER, ESQ.
                                                       Nevada Bar No. 12493
7                                                      300 S. Fourth Street, Suite 900
                                                       Las Vegas, Nevada 89101
8
                                                       *Attorneys for Defendants*
9                                                      *ARIA Resort & Casino, LLC;*
                                                       *MGM Resorts International*
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that I am an employee of Jackson Lewis P.C., and that on this 20th day of November, 2024, I caused to be served via the Court's CM/ECF Filing, a true and correct copy of the above foregoing **DEFENDNANT ARIA RESORT & CASINO, LLC'S ANSWER TO PLAINTIFFS' COMPLAINT** properly addressed to the following:

JASON R. MAIER, ESQ.
Nevada Bar No. 8557
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: 702.629.7900
Facsimile: 702.629.7925
Email:jrm@mgalaw.com
Email: djb@mgalaw.com

*Attorneys for Plaintiff's*

                                                          */s/ Joshua A. Sliker*
                                                          Employee of Jackson Lewis P.C.