1  JASON R. MAIER, ESQ.
   Nevada Bar No. 8557
2  DANIELLE J. BARRAZA, ESQ.
   Nevada Bar No. 13822
3  **MAIER GUTIERREZ & ASSOCIATES**
   8816 Spanish Ridge Avenue
4  Las Vegas, Nevada 89148
   Telephone: 702.629.7900
5  Facsimile: 702.629.7925
   E-mail:     jrm@mgalaw.com
6               djb@mgalaw.com

7  *Attorneys for Plaintiffs*

8

9

10                     **UNITED STATES DISTRICT COURT**

11                            **DISTRICT OF NEVADA**

12

| | |
|---|---|
| ERENDIRA DOMINGUEZ, individually, and ALLISON LOPEZ, individually | Case No.: 2:24-cv-01665-JAD-DJA |
| Plaintiffs, | **JOINT ~~PROPOSED~~ DISCOVERY PLAN AND SCHEDULING ORDER** |
| vs. | **SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |
| ARIA RESORT & CASINO, LLC, a domestic limited liability company; MGM RESORTS INTERNATIONAL; a foreign corporation DOES I-X; and ROE BUSINESS ENTITIES I-X, inclusive, | |
| Defendants. | |

   Plaintiffs Erendira Dominguez and Allison Lopez (collectively "Plaintiff"), by and through their counsel of record, the law firm MAIER GUTIERREZ & ASSOCIATES, and Defendants Aria Resort & Casino, LLC and MGM Resorts International (collectively "Defendants"), by and through their counsel of record, the law firm of JACKSON LEWIS P.C., hereby submit this proposed joint discovery plan and scheduling order.

   **FRCP 26(f) Conference**.   On November 7, 2024, Danielle J. Barraza, Esq., as counsel for Plaintiffs, and Joshua A. Sliker, Esq., as counsel for Defendants, participated in a discovery and scheduling conference (the "Conference") to discuss all of the issues required by Federal Rule Civil

                                      1

Procedure 26(f).

**FRCP 26(a) Initial Disclosures.** The parties do not require any changes in the timing, form, or requirement for disclosures under Rule 26(a). The parties' initial disclosures will be made by **November 21, 2024**, fourteen (14) days after the conference.

The parties now propose the following discovery plan:

1. **Discovery Cut-Off Date:** The proposed cut-off date for discovery shall be **May 19, 2025**, 180 days from the date of Defendant's first appearance that occurred on November 20, 2024.

2. **Amending the Pleadings and Adding Parties:** All motions to amend the pleadings or to add parties shall be filed no later than **February 18, 2025**, ninety (90) days prior to the proposed close of discovery.

3. **Fed. R. Civ. P. 26(a)(2) Disclosures (Experts):** Disclosures concerning initial experts shall be made by **March 20, 2025**, sixty (60) days before the proposed discovery cut-off date. Disclosures concerning rebuttal experts shall be made by **April 21, 2025** thirty-two (32) days after the initial disclosure of experts.

4. **Dispositive Motions:** The date for filing dispositive motions shall not be later than **June 18, 2025**, thirty (30) days after the proposed discovery cut-off date. In the event that the discovery period is extended from the discovery cut-off date set forth in this proposed discovery plan and scheduling order, the date for filing dispositive motions shall be extended to be not later than thirty (30) days from the subsequent discovery cut-off date.

5. **Pretrial Order:** The date for filing the joint pretrial order shall not be later than **July 18, 2025**, thirty (30) days after the cut-off for filing dispositive motions. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after the decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in this discovery plan and scheduling order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

6. **Fed. R. Civ. P. 26(a)(3) Disclosures:** The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections hereto, shall be included in the joint pretrial order.

7. **Alternative Dispute Resolution:** The parties discussed the possibility of mediation and arbitration, and will continue those discussions as appropriate as the case continues. The parties also agree to participate in good faith at the ENE on December 10, 2024 [ECF No. 8].

8. **Alternative Forms of Case Disposition:** The parties have discussed the possibility of trial by the magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program, and agree that this case is properly suited before the District Judge.

9. **Electronic Information:** The parties do not, at this time, anticipate any issues regarding disclosures, discovery, or preservation of electronically stored information ("ESI"), if any, including the form or forms in which it should be produced. The parties agree that ESI can be produced in paper form or as a readable image file (e.g., .pdf or .tiff), while reserving the right to thereafter seek production of the ESI in native format if necessary and to the extent readable images are insufficient in establishing any claims or defenses. The parties further agree that non-ESI documents will be produced in paper form or as a readable image file (e.g., .pdf or .tiff) to the extent practicable. The parties shall meet and confer and otherwise work in good faith with respect to the production of ESI should any dispute arise.

10. **Electronic Evidence:** The parties discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties believe that any electronic evidence to be provided or presented would be compatible with the Court's electronic jury evidence display system and have not entered into any stipulations regarding electronic evidence at this time.

11. **Extensions or Modifications of the Discovery Plan and Scheduling Order:** Any stipulation or motion must be made pursuant to LR 26-3 ~~26-4~~ and be supported by a showing of good cause, no later than twenty-one (21) days before the subject deadline.

12. **Electronic Filing and Service:** The attorneys of record in this matter are registered for electronic filing with this Court. Any documents electronically filed with this Court are deemed to be sufficiently served on the other party as of the date that the document is electronically filed with the Court. For those documents that are not electronically filed with and served via the Court's CM/ECF system, but which are otherwise required to be served in accordance with FRCP 5, the

parties, in accordance with Fed. R. Civ. P. 5(b)(2)(F), each consent to receive service of such documents by electronic mail. Service by email to Plaintiff can be made to jrm@mgalaw.com, djb@mgalaw.com and yg@mgalaw.com. Service by email to Defendants can be made to joshua.sliker@jacksonlewis.com, justin.shiroff@jacksonlewis.com, kimberley.chapman@jacksonlewis.com, and rebecca.portelli@jacksonlewis.com, and/or such others as the parties may designate.

13. **Subjects of Discovery**.  Unless otherwise limited by subsequent stipulations and/or orders of this Court, the parties agree that discovery may be taken on any subjects permitted by the Federal Rules of Civil Procedure.

14. **Discovery Phases**.  The parties do not believe it is necessary to conduct discovery in phases.

15. **Written Discovery.**  The parties mutually agree to provide Word versions of any propounded written discovery requests to the responding party so as to facilitate the process of providing responses.

16. **Privileged or Protected Documents.** The parties agree to be bound by Fed. R. Evid. 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly notify the requesting party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

17. **Protective Orders For Privileged, Trial-Preparation, and Confidential Documents And/Or Information**.  The parties have discussed the need for a protective order for

privileged, trial preparation, and confidential documents and/or information and will be working together to agree on the terms of a stipulated protective order if needed.

18. **Later Appearing Parties:** A copy of this Discovery Plan and Scheduling Order shall be served on any person served after it is entered or, if additional defendants should appear, within five (5) judicial days of their first appearance. This Discovery Plan and Scheduling order shall apply to such later appearing party, unless the Court, on motion and for good cause shown, orders otherwise.

DATED this 20th day of November 2024.

**MAIER GUTIERREZ & ASSOCIATES**

/s/ Danielle A. Tarmu
_____
JASON R. MAIER, ESQ.
Nevada Bar No. 8557
DANIELLE J. BARRAZA, ESQ.
Nevada Bar No. 13822
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiffs*

DATED this 20th day of November 2024.

**JACKSON LEWIS P.C.**

/s/ Joshua A. Sliker
_____
JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
JUSTIN A. SHIROFF, ESQ.
Nevada Bar No. 12869
300 South Fourth Street, Suite 900
Las Vegas, Nevada 89101
*Attorneys for Defendants Aria Resort & Casino, LLC and MGM Resorts International*

IT IS SO ORDERED.

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED: 11/22/2024