JOSHUA A. SLIKER, ESQ.
Nevada Bar No. 12493
JUSTIN A. SHIROFF, ESQ.
Nevada Bar No. 12869
**JACKSON LEWIS P.C.**
300 S. Fourth Street, Suite 900
Las Vegas, Nevada 89101
Telephone: (702) 921-2460
Facsimile: (702) 921-2461
Email: joshua.sliker@jacksonlewis.com
Email: justin.shiroff@jacksonlewis.com

*Attorneys for Defendants*
*ARIA Resort & Casino, LLC, and*
*MGM Resorts International*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ERENDIRA DOMINGUEZ, individually, and ALLISON LOPEZ, individually<br><br>Plaintiffs',<br><br>vs.<br><br>ARIA RESORT & CASINO, LLC, a domestic limited liability company; MGM RESORTS INTERNATIONAL; a foreign corporation DOES I-X; and ROE BUSINESS ENTITIES IX, inclusive,<br><br>Defendant's. | Case No. 2:24-cv-01665-JAD-DJA<br><br>**STIPULATED PROTECTIVE ORDER** |

Defendants ARIA RESORT & CASINO, LLC ("ARIA") and MGM RESORTS INTERNATIONAL ("MGMRI") (collectively, "Defendants") by and through their counsel, the law firm of Jackson Lewis P.C., and Plaintiffs Erendira Dominguez and Allison Lopez ("Plaintiffs"), by and through their counsel, the law firm of Maier Gutierrez & Associates, hereby stipulate and agree as follows:

**I. APPLICATION**

The parties enter into this Stipulated Protective Order under Federal Rule of Civil Procedure Rule 26 to establish procedures for the handling of documents produced by the parties. This

Protective Order shall govern the designation and handling of "Confidential Information", "Investigative Information", and "Attorneys' Eyes Only Information" (defined below) produced during the course of this proceeding, whether by voluntary production or disclosure or in response to any formal discovery procedure, including designation and handling of nonpublic information of a confidential nature. The purpose of this Protective Order is to facilitate the handling of nonpublic information of a confidential, private, or proprietary nature. The mere filing of material containing "Confidential", "Investigative Information", or "Attorneys' Eyes Only" by the non-designating party does not remove the material from the protection of this Protective Order.

## II. DEFINITIONS[1]

**A.** "**Confidential Information**" means non-public information which a party believes, in good faith, warrants protection as confidential including, but not necessarily limited to, personal identifying information of current or former employees of the parties (such as birth dates, marital status, and dependent status); private financial information that is not accessible through SEC filings and disclosures, including, but not limited to, private tax returns, private banking records, and electronic data containing private financial information; confidential proprietary and/or competitive business information; trade secrets; performance projections; and confidential proprietary information about affiliates, parents, subsidiaries and third-parties with whom the parties to this action have or have had business relationships.

**B.** "**Investigative Information**" is a subset of Confidential Information that contains sensitive information regarding Defendants' (1) investigative methods, tactics, or sources; (2) security or compliance measures, systems, protections, or controls; or (3) other investigation-related information, the disclosure of which would create a significant risk of harm. All references herein to "Confidential" information include "Investigative Information," except where the permissible

---

[1] In setting forth these definitions, the parties have attempted to delineate the types of information that may be appropriate for designation as Confidential Information. However, in doing so, no party is conceding that any information so designated is in fact Confidential, Investigative Information, or Attorneys' Eyes Only. Rather, the parties reserve all rights to object, challenge, or otherwise contest the propriety of a designation in accordance with the terms of this Stipulated Protective Order.

disclosure or dissemination of "Investigative Information" information is more limited than permissible disclosure or dissemination of "Confidential" information.

    **C.** "**Attorneys' Eyes Only Information**" is a subset of Confidential Information that contains highly sensitive, proprietary, or trade secret information, the disclosure of which would create a substantial risk of harm that could not be avoided by less restrictive means, including, but not limited to personal identification information such as social security numbers, private financial information; information about prior, existing, and potential customers. All references herein to "Confidential" information include "Attorneys' Eyes Only," except where the permissible disclosure or dissemination of "Attorneys' Eyes Only" information is more limited than permissible disclosure or dissemination of "Confidential" information.

    **D.** "**Disclosed**" is used in its broadest sense and includes, *inter alia*, directly or indirectly shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

    **E.** "**Discovery Material(s)**" means any documents, electronically stored information, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or written information, whether produced voluntarily or involuntarily, in response to discovery requests in this litigation by any party.

  **III.** **TYPES OF MATERIALS THAT MAY BE DESIGNATED AS CONFIDENTIAL**

    Any Discovery Material or other documents, information, or materials that meets the definition of "Confidential Information" as defined in this Order may be designated by a producing party as Confidential under this Order. The assertion of this designation of "Confidential" shall constitute a representation to the Court that counsel for the producing party or protected person believes in good faith that the material so designated constitutes Confidential Information as defined in this Order. Except with the prior written consent of the producing party or by the Court's order or as otherwise compelled by force of law, no Discovery Materials or other documents, information, or materials stamped "Confidential", "Investigative Information", or "Attorneys' Eyes Only" may

be disclosed to or used by any person except as permitted in Section V below.

### IV. DESIGNATION OF DISCOVERY MATERIALS AS CONFIDENTIAL

**A. Marking Protected Documents:** Protected documents shall be designated as containing Confidential Information by affixing to them the legend "CONFIDENTIAL", "INVESTIGATIVE INFORMATION", or "ATTORNEYS' EYES ONLY" in all caps, at least 10-point font, in a location that makes the designation readily apparent, preferably in the lower left-hand corner. The fact that a document is stamped "Confidential", "Investigative Information", or "Attorneys' Eyes Only" by one party shall not be construed as an admission by any other party that such document is Confidential Information, nor shall it limit or preclude the right of any party to object to the designation, oppose any appropriate motion(s) to determine the propriety of such designation, or seek other relief from the court. If the producing party inadvertently fails to stamp or otherwise appropriately designate or list certain documents, material, or information as "Confidential", "Investigative Information", or "Attorneys' Eyes Only" upon their production or disclosure, such inadvertent failure to designate shall not constitute nor be deemed a waiver of a subsequent claim of protected treatment under this Order.

**B. Designating Testimony**. Any party may designate testimony as "Confidential Information" by making a statement to that effect on the record at the deposition or other proceeding or within ten (10) days after receipt of the transcript of deposition or other proceeding by counsel. When Confidential Information is designated on the record at a deposition or other proceeding, the party claiming the testimony is Confidential Information shall make arrangements with the court reporter taking and transcribing such proceeding to label each page containing the testimony with the designation "CONFIDENTIAL", "INVESTIGATIVE INFORMATION" or "ATTORNEYS' EYES ONLY" and all counsel and parties shall treat pages of testimony so designated as a protected document and the testimony itself as Confidential Information.

**C. Subsequent Designation.** If a party discovers that material or documents containing Confidential Information have been provided to the opposing party without being properly designated under this Protective Order, that party shall promptly notify the receiving party in writing

of the same. The notification shall include an identification of the documents or information (by bates stamp number or some other specific form of identification), and the receiving party shall affix a stamp identifying each document or item of information so identified as "CONFIDENTIAL", INVESTIGATIVE INFORMATION, or "ATTORNEYS' EYES ONLY" within ten (10) days unless the parties agree that some other procedure for remedying the inadvertence is more appropriate under the circumstances.

### V.    PERMISSIBLE USE OF "CONFIDENTIAL" INFORMATION, DOCUMENTS, OR MATERIALS

**A.    Limited Use**. All persons receiving or otherwise having access to Discovery Materials or other documents, information, or materials stamped "Confidential", "Investigative Information", or "Attorneys' Eyes Only" pursuant to this Protective Order shall not reveal or discuss such information to or with any person, except as set forth herein. All Confidential Information produced or exchanged pursuant to this Protective Order shall be used by the party(ies) or person(s) to whom the information is produced solely for the purpose of this case, through and including appeal(s), if any, and not for any other purpose, including, but not limited to, personal, business, commercial, governmental, administrative, alternative dispute resolution or judicial proceedings, unless compelled by court order or force of law.

If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Information to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose material was inadvertently disclosed. If a party has actual knowledge that Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed. No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

If any person receiving information covered by this Protective Order is: (a) subpoenaed in another action or proceeding; (b) served with a request or demand in another action to which he, she, or it is a party; or (c) served with any other legal process by one not a party to this action,

seeking information designated as "Confidential", "Investigative Information", or "Attorneys' Eyes Only" pursuant to this Order, the subpoenaed party shall promptly give written notice, by hand or electronic mail, within forty-eight (48) hours of receipt of such subpoena, request, demand, or legal process to the party that produced or designated the material as "Confidential", "Investigative Information", or "Attorneys' Eyes Only." The subpoenaed party or anyone else subject to this Order shall be under no obligation to take any other action or measures to preserve the confidentiality of any such information in connection with such subpoena, request, demand, or legal process. Nothing herein shall be construed as requiring the subpoenaed party or anyone else covered by this Order to challenge or appeal any order requiring production of Confidential Information, to subject itself to any penalties for non-compliance with any legal process or order, or to seek any relief from the Court.

**B.     Disclosure of Information Marked "Confidential."** Notwithstanding Section V.A. above, and except as otherwise ordered by the Court, documents marked "Confidential" and the thereof may be disclosed only to the following:

1.     <u>Counsel:</u> Counsel for the respective parties to this Protective Order, including in-house counsel and counsel's Support Staff (*i.e.*, paralegals, administrative assistants, and those involved in administration functions), to the extent that disclosure to such person(s) is necessary in order for them to assist Counsel in connection with this litigation.

2.     <u>The Parties:</u> Except as provided below in Section V.D., the parties to this Protective Order, including the officers, directors, agents and employees of a corporate Party, to the extent Counsel for such party reasonably deems it necessary for the prosecution or defense of this litigation.

3.     <u>Professional Vendors:</u> Persons or entities, and their employees, that provide litigation support services (e.g., copy services, translation services, document preparation, trial graphics, and tutorials, and organizing, storing or retrieving data), but only to the extent that disclosure to such vendors is necessary in order for them to assist Counsel in connection with this litigation, and provided that such vendors have been made aware of the provisions of this Protective

Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit 1 before being shown or given any Confidential Information.

4.     Court Reporters: Court reporters and videographers taking testimony in this case and their support personnel.

5.     Consultants and Experts: Independent consultants or experts retained by counsel or a party for assistance with respect to this case, together with each such person's clerical and Support Staff, provided that such consultants and/or experts have been made aware of the provisions of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit 1 before being shown or given any Confidential Information.

6.     Witnesses: Deposition or other witnesses as necessary in this litigation, provided that such persons have been made aware of the provisions of this Protective Order and have manifested their assent to be bound thereby by signing a copy of the agreement attached hereto as Exhibit 1 before being shown or given any Confidential Information, and provided further that disclosure is limited to Confidential Information about which the witness is or is likely to be examined at a deposition or other proceeding.

7.     Court: Personnel of the Court, including court reporters, officials and employees of the Clerk of Court, and staff of the presiding United States District Judge and United States Magistrate Judge, and the presiding Judge and Magistrate Judge, to the extent deemed necessary by the Court.

8.     Any mediator in this litigation, including by or through the mediator's staff.

9.     Any other individuals agreed to in writing by the designating party.

10.    Other persons or entities as may be ordered by the Court.

Any person who receives copies of "Confidential Information" or to whom "Confidential Information" is disclosed pursuant to this Stipulated Protective Order shall be advised that the "Confidential Information" is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the "Confidential

JACKSON LEWIS P.C
LAS VEGAS

7

Information" pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper.

**C. Disclosure of Information Marked "Investigative Information."** Notwithstanding Section V.A. above, and except as otherwise ordered by the Court, documents marked "Investigative Information" and the contents of documents so marked may be disclosed those persons and entities set forth in Section V.B.1 – V.B.10, in accordance with the requirements therein, except that Investigative Information shall not be disclosed to any member of Group A[2] without the prior written approval of Defendants' counsel of record.

Further, any person who receives copies of "Investigative Information" or to whom "Investigative Information" is disclosed pursuant to this Stipulated Protective Order shall be advised that the "Investigative Information" is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the "Investigative Information" pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper.

**D. Disclosure of Information Marked "Attorneys' Eyes Only."** The disclosure of "Attorneys' Eyes Only" Information is limited in the same ways as set forth above for Confidential Information except that, with respect to Parties under Section V.B.2, "Attorneys' Eyes Only" Information may not be disclosed to anyone except a representative of Defendant ARIA, a representative of Defendant MGMRI, Plaintiff Dominguez, and Plaintiff Lopez. Such persons are only permitted to review "Attorneys' Eyes Only" information produced by another party, provided they agree, in advance, not to use, retain, or make copies or summaries (including, but not limited to, photographs or videos) of "Attorneys' Eyes Only" information after their review. Except as provided in this paragraph, "Attorneys' Eyes Only" information may not be disclosed or provided without prior written consent by the designating party under circumstances allowing the designating party to obtain adequate protection with respect to the "Attorneys' Eyes Only" Information either by agreement or by application to the Court. Further, any person who receives copies of "Attorneys'

---

[2] The members of Group A are identified on Exhibit 2 to this Stipulated Protective Order. The version of Exhibit 2 on the public docket has been redacted. An unredacted copy has been submitted to the Court.

Eyes Only" Information or to whom "Attorneys' Eyes Only" Information is disclosed pursuant to this Stipulated Protective Order shall be advised that the "Attorney's Eyes Only" information is being disclosed pursuant to an Order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the "Attorney's Eyes Only" information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper.

**E.     Disputes as to Confidentiality Designation:**

1.     **Meet and Confer Requirement:** The parties agree to designate information as "Confidential", "Investigative Information", and/or "Attorneys' Eyes Only" on a good faith basis and not for purposes of obstructing the receiving party's access to information concerning the lawsuit. If any party believes in good faith that a document, tangible item, or other information that has been designated as "Confidential", "Investigative Information", or "Attorneys' Eyes Only" is not entitled to be treated as such, the party will notify the designating party of its objection to the "Confidential", "Investigative Information", or "Attorneys' Eyes Only" designation and the basis for such objection. The parties shall meet and confer in an attempt to reach an agreement regarding the confidential status of the document, tangible item or information within seven (7) days after the objecting party has advised the designating party of its objection. The parties agree that objections shall be made in good faith and not for an improper purpose or to otherwise circumvent the intent of this Protective Order.

2.     **Motion for Protective Order:** If the dispute is not resolved, the parties shall, within five (5) days after the meet and confer conference referenced in Section E(1), jointly request a conference with the assigned Magistrate Judge to attempt to informally resolve the dispute. If the Magistrate Judge denies the request for a conference, then the designating party may file a motion seeking the Court's resolution of whether the particular material is entitled to protection as "Confidential", "Investigative Information" or "Attorneys' Eyes Only".. The party designating particular information as confidential under the protective order shall have the burden of proving that the information or document is entitled to such protection. Failure by the designating party to

JACKSON LEWIS P.C
LAS VEGAS

9

file such a motion within fifteen (15) days, subject to FRCP 6(a), of the later of (a) the meet and confer conference referenced in Section E(1); or (b) the date that the Magistrate Judge denies the parties' request for a discovery dispute resolution conference, shall, absent further order of the Court, result in a waiver of the designation of the material which was being objected upon.

        3.    **Status Pending Resolution of Dispute:** Notwithstanding any challenge to the designation of material as containing Confidential Information, the material shall be treated as Confidential and shall be subject to the provisions hereof unless and until one of the following occurs: (i) all parties that claim that the material contains Confidential Information withdraw such designation in writing; or (ii) the Court rules that the material does not contain Confidential Information.

    **F.**    **Rights of Parties:** This Protective Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to any Confidential Information or for an order permitting disclosure of any Confidential Information beyond the terms of this Protective Order.

## VI.    MISCELLANEOUS

    **A.**    All provisions of this Protective Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this case, unless otherwise agreed or ordered. Upon conclusion of the case, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) make reasonable efforts to return such documents within thirty (30) days after conclusion of this case to counsel for the party who provided such information, or (b) make reasonable efforts to destroy such documents within the thirty (30) days upon consent of the party who provided the information and certify in writing that the documents have been destroyed.

    **B.**    Nothing herein shall be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection. Any witness or other person, firm or entity from which discovery is sought may be informed of and may obtain the protection of this Stipulated

Protective Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

**C.** Notwithstanding any of the foregoing, or anything in this protective order to the contrary, this provision will not apply to court filings or pleadings, briefs, or correspondence maintained by counsel in the ordinary course of business. Further, nothing in this protective order shall have any impact on counsel's requirement and/or obligation to preserve client files to the extent required by the Nevada Rules of Professional Conduct or otherwise under Nevada law. Nor shall anyone subject to this protective order have any obligation to attempt to destroy electronically stored data, backup files, cached versions and/or data on back-up versions of computer hard drives. Nothing in this Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper. This Order, however, shall not be modified absent an order of the Court or the written agreement of all the Parties hereto.

DATED this 10th of March, 2025.

| MAIER GUTIERREZ & ASSOCIATES | JACKSON LEWIS P.C. |
|---|---|
| */s/ Danielle Barraza* <br> JASON R. MAIER, ESQ. <br> Nevada Bar No. 8557 <br> DANIELLE J. BARRAZA, ESQ. <br> Nevada Bar No. 13822 <br> 8816 Spanish Ridge Avenue <br> Las Vegas, Nevada 89148 | */s/ Joshua A. Sliker* <br> JOSHUA A. SLIKER, ESQ. <br> Nevada Bar No. 12493 <br> JUSTIN A. SHIROFF, ESQ. <br> Nevada Bar No.12869 <br> 300 S. Fourth Street, Suite 900 <br> Las Vegas, Nevada 89101 |
| *Attorneys for Plaintiffs* | *Attorneys for Defendants* |

**ORDER**

IT IS SO ORDERED:

_____
UNITED STATES MAGISTRATE JUDGE

Dated: _____

**EXHIBIT 1**
**ACKNOWLEDGMENT AND AGREEMENT**
**TO MAINTAIN CONFIDENTIALITY**

I, _____, understand that one of the Parties in this proceeding (*Erendira Dominguez and Allison Lopez v. Aria Resort & Casino, LLC, and MGM Resorts International*, Case No.: 2:24-cv-01665-JAD-DJA) desires to disclose to me certain documents, information, and/or materials that has been designated as "Confidential", "Investigative Information", or "Attorneys' Eyes Only" in nature. I have read and I understand the terms of the Stipulated Protective Order to which this Acknowledgment and Agreement is attached. I understand and acknowledge that the Stipulated Protective Order governs my use of the Confidential Information and I agree to be bound by the terms of the Stipulated Protective Order. I agree that I will not disclose any Confidential Information or other documents, information, and/or materials designated as "Confidential", "Investigative Information", or "Attorneys' Eyes Only" (including any copies, summaries, extracts or notes of any such information) to any individual, agency or entity, except those persons to whom disclosure is permitted under this Stipulated Protective Order. I further agree and hereby submit myself to the personal jurisdiction of the U.S. District Court, District of Nevada, with respect to any proceedings for enforcement of, or sanctions in connection with my use of Confidential Information under this Stipulated Protective Order.

_____
Date

_____
Signature

_____
Type or Print Name

_____
Organization (if applicable)

_____
Title (if applicable)

**EXHIBIT 2**

As used in this Stipulated Protective Order, "Group A" means: (1) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; (2) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇; (3) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇; (4) any then-current or former owner, officer, director, employee, agent, or attorney of ▇▇▇▇▇▇▇▇▇▇▇ or ▇▇▇; (4) ▇▇▇▇▇▇; (5) ▇▇▇▇▇▇; (6) ▇▇▇▇▇▇▇; (7) ▇▇▇▇▇; (8) ▇▇▇▇▇▇; and (9) ▇▇▇▇▇▇▇▇.

JACKSON LEWIS P.C
LAS VEGAS

13